[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant, whose maiden name was Virginia Chiappone, intermarried on June 18, 1966, in Stonington, Connecticut. The plaintiff has resided continuously within this state for more than one year next before the date of this action. There are no minor children issue of this marriage.
The parties have been married for over twenty-five years. The plaintiff has worked continuously during the marriage and presently is employed as a supervisor at Electric Boat Division of General Dynamics Corporation. His gross weekly income is $826.15, including overtime and shift premium. The plaintiff also has been employed part-time as a caretaker for the Timkin estate in Stonington at an annual wage of $1,500.00. Recently, he gave the work and the salary for such work to the son of the CT Page 811 parties. The plaintiff also engages in woodcarving and has sold pieces of his work for as much as $2,000.00.
The defendant has been the primary caretaker of the children of the marriage. She is dyslexic and, periodically during the marriage, has held low-paying jobs which do not require any writing. She has a beautician's license, but has not worked as a beautician since the first few weeks of the marriage. She is presently employed as a chambermaid working part-time at the Mystic Hilton Hotel. Her gross weekly income is $100.48.
The parties own a family residence located at 60A Deans Mill Road, Stonington, which they purchased during the marriage. The parties have been attempting to sell the residence for one and one-half years at an asking price of $149,000.00, but have not been able to do so and recently have lowered the asking price to $145,000.00.
The only other substantial assets which the parties own are the plaintiff's SSIP plan with the value of $15,500.00 before taxes and penalties and the plaintiff's pension with a value of $12,456.00.
The parties experienced difficulties in their marriage soon after they were married. The plaintiff had a relationship with a woman during the marriage, which ended thirteen or fourteen years ago. The defendant has shown little love and affection to the plaintiff for at least the past twelve years and has refused to allow him to kiss her on the lips and has refused to have sexual intercourse with him. Sexual intercourse is painful to the defendant because of a physical condition which has resulted in cysts which had to be removed and, finally, in an hysterectomy. During the past year, the plaintiff has spent evenings and weekends working on the Timkin estate and has spent considerable time with Jane Timkin in a friendly, non-sexual relationship.
Based upon the evidence presented, and in light of the criteria set forth in Connecticut General Statutes Section46b-81 and 46b-82, the court makes the following orders:
1. The marriage has broken down irretrievably.
2. The marriage is dissolved.
 3. The plaintiff is to pay alimony to the defendant in the amount of $300.00 dollars per week for a period of two years and $150.00 dollars per week thereafter; provided that if the real estate owned by the parties CT Page 812 and located at 60A Deans Mill Road, Stonington, is sold within such two-year period, or, if the defendant fails to use the premises as her principal residence, the amount of alimony payable during the remaining portion of such two-year period shall be reduced to $150.00 dollars per week; and further provided, that alimony shall terminate if the defendant should die, remarry or reside with an unrelated adult male. Until the premises are sold, the defendant shall pay the existing mortgage, taxes, insurance, utilities and minor repairs to the premises and shall hold harmless and indemnify the plaintiff from such expenses. The parties shall be equally responsible to pay the cost of major repairs to the premises.
 4. Upon the sale of the premises, the defendant shall be entitled to the first $25,000.00 dollars of the net proceeds of the sale and the parties shall share equally in the balance of the net proceeds.
 5. The plaintiff shall maintain sole ownership of his SSIP plan and pension plan and the defendant shall maintain sole ownership of the accounts of the parties in the Electric Boat Credit Union and of the bonds owned by the parties.
 6. The plaintiff is to continue the health insurance, including dental coverage, presently in effect for the defendant, at his cost, for a period of two years; provided that if the plaintiff's obligation to pay alimony should terminate during such two-year period, his obligation to provide such insurance shall also terminate.
 7. The plaintiff is to maintain a life insurance policy on himself in the amount of at least $50,000.00, with the defendant as beneficiary, for as long as plaintiff is obligated to pay alimony to the defendant.
 8. The plaintiff is to assume and pay the debt owing by the parties to the Electric Boat Credit Union and is to hold harmless and indemnify the defendant in connection with such debt.
 9. The plaintiff is to pay an attorney's fee of $1,000.00 to the defendant.
 10. The parties shall execute all documents necessary to affectuate the above orders.
CT Page 813
HENDEL, J.